UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIANISE NORVILUS-FORESTE,

    Plaintiff,

v().                                      Case No.:  2:23-cv-163-SPC-NPM

WALMART STORES EAST, LP
and JOHN DOE,

    Defendants.
_____/

### **ORDER**[1]

Before the Court is Defendant Walmart's Supplement to Notice of Removal. (Doc. 8). Walmart filed this Supplement in response to the Court's Order to Show Cause. (Doc. 7).

The body of Walmart's Supplement failed to assuage the Court's concerns about Walmart's Notice of Removal. (Doc. 1). But Exhibit A of Walmart's Supplement was more helpful. (Doc. 8 at 8). Exhibit A—Plaintiff Norvilus-Foreste's Answers to Interrogatories—shows that Norvilus-Foreste's *only* two addresses in the past ten years are in Naples, Florida. (Doc. 8 at 8). Since the *only* places Norvilus-Foreste has lived in the last ten years are in

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

1

Florida, the Court is comfortable—at this time and on these facts—concluding that Norvilus-Foreste is a citizen of Florida.

But the Court would like to address Walmart's view of citizenship. Walmart contends Norvilus-Foreste is a Florida citizen because: (1) Norvilus-Foreste's Complaint identifies her as a resident of Florida, and (2) she provided Walmart with a Florida address. Walmart says this is "prima facia evidence of her domicile" in Florida sufficient to establish this Court's diversity jurisdiction. (Doc. 8 at 1-2). These two things—whether alone or together—are insufficient to establish citizenship for purposes of diversity jurisdiction.

As previously explained, a person's citizenship is determined by his "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt,* 293 F.3d 1254, 1257-58 (11th Cir. 2002). And residency is not the same as citizenship. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person").

This is not a matter of semantics. Federal courts are courts of limited jurisdiction and have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H. Corp.,* 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v.*

*Marathon Oil Co.,* 526 U.S. 574, 583 (1999)).  If this Court allows a case to proceed when it does not have jurisdiction, the result is "a colossal waste of time and effort" for everyone involved—including Walmart.  *Purchasing Power, LLC v. Bluestem Brands, Inc.,* 851 F.3d 1218, 1228 (11th Cir. 2017).  The Court therefore declines Walmart's invitation to accept sloppy allegations of jurisdiction.  Jurisdiction is a matter of facts, not a matter of faith.  *See id.* at 1228 ("Everyone involved in this case trusted that diversity jurisdiction existed, but no one verified it.  The law firms involved trusted their clients.  The clients trusted their lawyers.  The law firms trusted each other, and the district court trusted them.  But there was no verification").

Walmart alleges that this Court has followed a "long established rule that a party's current residence is prima facia evidence of her domicile . . . which is equivalent to citizenship for purposes of establishing diversity." (Doc. 8 at 2).  In other words, Walmart argues that allegations of residency can establish citizenship for diversity purposes.  This Court's "long established rule" is quite the opposite.  *See Amerisure Mut. Ins. Co. v. Mammoth Constructors, LLC,* No. 2:23-cv-67-SPC-NPM, 2023 WL 1824981, at *1 (M.D. Fla. Feb. 8, 2023) ("[A]ddresses only establish the members' residencies—not their citizenships nor domiciles"); *Cruz v. Walmart Stores,* No. 2:22-cv-692-SPC-NPM, 2023 WL 1069693, at *4 (M.D. Fla. Jan. 27, 2023) ("[R]esidency does not equal citizenship"); *Volunteer AG Prods., LLC v. SE Produce, LLC,*

No. 2:23-cv-38-SPC-KCD, 2023 WL 360574, at *1 (M.D. Fla. Jan. 23, 2023) ("Residency is not equivalent to citizenship"); *Cappalli v. Danone N. Am. Pub. Ben. Corp.*, No. 2:22-cv-716-SPC-KCD, 2022 WL 16963777, at *1 (M.D. Fla. Nov. 16, 2022) ("Residency is not enough"); *Wright v. Englewood Beach & Yacht Club Ass'n*, No. 2:22-cv-373-SPC-MRM, 2022 WL 2391271, at *1 (M.D. Fla. July 1, 2022) ("Residency is not enough"); *Melton v. Lowe's Home Ctrs., LLC*, No. 2:21-cv-767-SPC-MRM, 2021 WL 4913358, at *1 (M.D. Fla. Oct. 21, 2021) ("Residency is not enough"); *Teneriello v. Kohl's, Inc.*, No. 2:21-cv-749-SPC-MRM, 2021 WL 5167546, at *1 (M.D. Fla. Oct. 12, 2021) ("[R]esidency does not equal domicile"); *Dero Roofing, LLC v. Triton, Inc.*, No. 2:21-cv-688-SPC-MRM, 2021 WL 4205851, at *1 (M.D. Fla. Sept. 16, 2021) ("[R]esidency is not enough. Individuals are citizens where they are domiciled, not necessarily where they are residents"); *Pro Music Rights, Inc. v. Miles*, No. 2:21-cv-92-SPC-MRM, 2021 U.S. Dist. LEXIS 29258, at *1 (M.D. Fla. Feb. 17, 2021) ("Plaintiffs must allege diversity of citizenship, not just residency").

The Court will take no further action on its Order to Show Cause (Doc. 7) at this time.

**DONE** in Fort Myers, Florida on April 12, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record