UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIANISE NORVILUS-FORESTE,

    Plaintiff,

v.                            Case No.:   2:23-cv-163-SPC-NPM

WALMART STORES EAST, LP
and JOHN DOE,

    Defendants.
_____/

### **ORDER**[1]

Before the Court is Plaintiff Norvilus-Foreste's Motion for Leave to Amend Complaint. (Doc. 9). Also before the Court are two related motions: (1) Norvilus-Foreste's Motion to Remand (Doc. 10), and (2) Defendant Walmart's Motion to Dismiss John Doe for Failure to Serve (Doc. 12). Because Norvilus-Foreste moves to amend under the wrong standard, the Court denies the Motion for Leave to Amend (Doc. 9), which moots the Motion to Remand (Doc. 10). The Court also denies Walmart's Motion to Dismiss (Doc. 12).

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

**BACKGROUND**

This is a slip-and-fall case. (Doc. 4). In July 2022, Norvilus-Foreste went to Walmart. (Doc. 4). While there, she slipped on a "dark liquid." (Doc. 4). Norvilus-Foreste sued Walmart and John Doe store manager for negligence. (Doc. 4). The complaint was filed in state court in November 2022. (Doc. 4). It was removed by Walmart in March 2023. (Doc. 1).

Through discovery, Norvilus-Foreste identified John Doe store manager as Christopher Gomez and now she wishes to amend her complaint to "substitute the name of John Doe for the name of Christopher Gomez." (Doc. 9). In her Motion to Remand, Norvilus-Foreste says that Christopher Gomez is a citizen of Florida and that his addition to this case will destroy diversity jurisdiction. (Doc. 10).

**LEGAL STANDARD**

Walmart removed this case from state court, alleging this Court has federal diversity jurisdiction under 28 U.S.C. §1332. Diversity jurisdiction requires that the amount in controversy exceed $75,000, exclusive of interest and costs, and that the action be between citizens of different states. 28 U.S.C. §1332(a)(1). Excepting some class action lawsuits, diversity of citizenship requires the citizenship of every plaintiff differ from the citizenship of every defendant. *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005). When

2

determining jurisdiction, the citizenship of fictitious defendants is disregarded. 28 U.S.C. § 1441(b)(1).

If, after removal, a plaintiff seeks to add a defendant whose joinder would destroy subject matter jurisdiction, the court analyzes joinder under 28 U.S.C. § 1447(e). *Dever v. Fam. Dollar Stores of Ga., LLC,* 755 Fed. App'x 866, 869 (11th Cir. 2018). The court then has two options: "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

## DISCUSSION

Norvilus-Foreste is seeking to amend her complaint under Fed. R. Civ. P. 15. But Christopher Gomez's addition to this case would destroy diversity, so the liberal amendment framework of Rule 15 is not appropriate.

Because Norvilus-Foreste seeks to join Christopher Gomez, a citizen of Florida whose joinder would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) is the governing standard. *Ingram v. CSX Transp.*, 146 F.3d 858, 863 (11th Cir. 1998); *Dever v. Fam. Dollar Stores of Ga., LLC,* 755 Fed. App'x 866, 869 (11th Cir. 2018). The fact that John Doe was "named" as a fictitious defendant placeholder for Christopher Gomez does not change the analysis— 28 U.S.C. § 1447(e) still governs. *Wade v. Dolgencorp, LLC,* No. 8:09-cv-01470-T-24-EAJ, 2009 WL 8630725, at *1 (M.D. Fla. Oct. 14, 2009) (quoting *McPhail v. Deere & Co.,* 529 F.3d 947, 950 (10th Cir. 2008) ("Although § 1447(e) speaks

3

of joinder, it has been held to apply when the complaint is amended to replace 'John Doe' defendants with defendants identified by name"); *Rutsky v. Target Corp.,* No. 12-CV-61828, 2012 WL 5604620, at *2 (S.D. Fla. Nov. 15, 2012) (citing *Wayne v. Jarvis,* 197 F.3d 1098, 1102-03 (11th Cir. 1999)) (finding that replacing John Doe Target store manager with the actual store manager is not a substitution but instead "a change in the party sued").

If Norvilus-Foreste wishes to join Christopher Gomez, she must seek to do so under 28 U.S.C. § 1447(e) and provide the Court with the appropriate analysis. *See Dever v. Fam. Dollar Stores of Ga., LLC,* 755 Fed. App'x 866, 869 (11th Cir. 2018) (citing *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987)). So, the Court denies her motion to amend her complaint under Fed. R. Civ. P. 15.

Because Norvilus-Foreste's Motion to Amend (Doc. 9) is denied, her Motion to Remand (Doc. 10) based on lack of diversity is denied as moot. And because the status of John Doe as a party is currently in question, the Court denies Walmart's Motion to Dismiss John Doe. (Doc. 12).

Accordingly, it is now

**ORDERED:**

1. Plaintiff Norvilus-Foreste's Motion for Leave to Amend Complaint (Doc. 9) is **DENIED**.

2. Plaintiff Norvilus-Foreste's Motion to Remand (Doc. 10) is **DENIED** as moot.

3. Defendant Walmart's Motion to Dismiss John Doe (Doc. 12) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on April 12, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record