UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIANISE NORVILUS-FORESTE,

    Plaintiff,

v.     Case No.:  2:23-cv-163-SPC-NPM

WALMART STORES EAST, LP
and JOHN DOE,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court are Plaintiff Elianise Norvilus-Foreste's Second Motion for Remand (Doc. 17) and Second Motion for Leave to Amend Complaint (Doc. 16). Defendant Walmart Stores East, LP opposes both motions. (Doc. 18).

This is a slip and fall case. Last summer, Plaintiff was shopping at Walmart when she slipped on a dark liquid. She sued Walmart and "John Doe," the store manager, in state court for negligence. Walmart answered and later identified "John Doe" as Christopher Gomez, a Florida resident, in discovery. (Doc. 1-2 at 54). A month later Walmart removed the case based on diversity jurisdiction.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

Weeks after removal, Plaintiff moved to amend the Complaint to "substitute" Gomez for "John Doe" under Federal Rule of Civil Procedure 15. (Doc. 9). The Court denied the motion but allowed Plaintiff to refile under the correct standard in 28 U.S.C. § 1447(e). (Doc. 15 at 3). Plaintiff has done so. And because joining Gomez will destroy complete diversity and strip this Court of subject matter jurisdiction, Plaintiff also moves to remand.

Walmart tells a different story. It says Plaintiff has fraudulently joined the store manager (named or unnamed) to defeat diversity and cannot state a valid negligence claim against him. So the individual defendant should be excluded either way. And without the store manager, jurisdiction is proper in this Court.

A federal court has diversity jurisdiction over a suit if the controversy is (among other things) "between citizens of different States." 28 U.S.C. § 1332. This generally means "every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy [diversity] jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998). "District courts have broad discretion to decide whether, after removal, to permit joinder

of a new defendant who would destroy diversity[.]" *Hickerson v. Enterprise Leasing Co. of Ga., LLC*, 818 F. App'x 880, 885 (11th Cir. 2020).

When a plaintiff wants to add a non-diverse defendant in a removed case, courts use a balancing test to decide whether to allow joinder. *See Hickerson*, 818 F. App'x at 885 (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) (footnote omitted)). The factors are whether (1) the purpose of the amendment is to defeat federal jurisdiction, (2) the plaintiff has been dilatory in seeking amendment, (3) the plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bear on the equities. *Hickerson*, 818 F. App'x at 885. Courts also consider "the defendant's interest in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Reyes v. BJ's Restaurants, Inc.*, 774 F. App'x 514, 517 (11th Cir. 2019) (internal citation omitted); *Dever v. Family Dollar Stores of Ga., LLC*, 755 F. App'x 866, 869 (11th Cir. 2018). These factors are discussed in turn.

"As to the first factor, in determining a plaintiff's motive in seeking joinder, courts consider whether the plaintiff knew about the non-diverse defendant before removal and yet sought to add the party for the first time after removal." *Hickerson*, 818 F. App'x at 885 (citation omitted). Plaintiff here knew about Gomez a month before removal. To mask the sting of this, Plaintiff argues that she sued the store manager from the get-go. According to

Plaintiff, had she known Gomez's name when she sued, "Defendant would have no basis for which to claim that amending the Complaint constitutes 'fraudulent joinder.'" (Doc. 16 at 4). But Plaintiff offers no reasoning behind her contention. Without more explanation, the Court can't help but think Plaintiff named the store manager from the beginning to defeat jurisdiction. And the Court has good reason to do so because neither the Complaint nor the proposed amended complaint state a plausible claim for negligence against the store manager.

Florida law says a store manager is not liable for negligence "simply because of his general administrative responsibility for the performance of some function of his employment—he or she must be actively negligent." *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. Dist. Ct. App. 2005) (citation omitted)). To maintain a claim against a store manager, a plaintiff must "allege and prove that the [manager] owed a duty to the [plaintiff], and that the duty was breached through personal (as opposed to technical or vicarious) fault." *Id.*

Walmart argues—and the Court agrees—that the allegations against Gomez only arise from his job as a store manager. The Complaint and proposed amended complaint do not allege that Gomez was personally negligent. They offer boilerplate allegations about Gomez being the manager when Plaintiff fell and "personally liable" because of his responsibilities for "maintaining,

4

managing, supervising and/or operating the subject store" and for executing Walmart's policies. (Doc. 16-2 at 6-7). The Complaint and proposed amended complaint also list possible theories of negligence with no factual support. For example, they fault Gomez for not maintaining the store's floor, inspecting the floor for liquid, warning Plaintiff of dangerous conditions on the floor, and ensuring his staff cleaned the floor. (Doc. 16-2 at 7-8). But nowhere are there facts about Gomez being personally liable for her fall. *See, e.g., Petigny v. Wal-Mart Stores E., L.P.*, No. 18-23762-CIV, 2018 WL 5983506, at *4 (S.D. Fla. Nov. 13, 2018) (finding the complaint to be insufficient because "[p]laintiff does not allege facts showing that [the store manager] caused grapes to be on the floor, was told the grapes were on the floor, knew or should have known about the grapes being on the floor, or was in the area of [p]laintiff's incident prior to same in order to correct it"). Even giving Plaintiff every reasonable benefit, the Complaint and proposed amended complaint have not alleged that Gomez actively participated in any tort. Instead, this case "appears to be a run of the mill slip and fall case in which the store manager individually has no liability." *Boyd v. Petco Animal Supplies Stores, Inc.*, No. 3:18-cv-639-J-32PDB, 2018 WL 4360621, at *3 (M.D. Fla. Sept. 13, 2018) (finding fraudulent joinder of a store manager when the allegations were "not specific and direct; rather, they are conclusory" and the plaintiff "has provided no facts demonstrating that [the manager] played any role in [the] injuries"). Given this, Plaintiff's claims

5

against Gomez would likely fail even if the Court let them move forward. *See Wade v. Dolgencorp, LLC*, No. 8:09-cv-01470-T-24-EAJ, 2009 WL 8630725, at *4 (M.D. Fla. Oct. 14, 2009) ("[A]ny potential prejudice is significantly lessened by the existence of the very high probability that Plaintiffs have no colorable claim against [the store manager] under Florida law").

The remaining factors the Court needs to balance also weigh against Plaintiff. She claims she has not been dilatory in asking to substitute. Yet she waited nearly two months after learning the manager's name to move to amend the Complaint. To head off the obvious flaw in Plaintiff's argument, she says "[t]his is not a [sic] extensive period of time nor sufficient time to allege that Plaintiff has been dilatory." (Doc. 5). But this argument is an orphan, unaccompanied by any case law to support her timing argument. And it's not this Court's job to find the authority.

Plaintiff also maintains that the delay in moving to amend until after removal was her attorney's "oversight." (Doc. 16 at 5). Yet again, she offers no case law to support that this makes a difference. Even setting aside the emptiness behind Plaintiff's arguments, she knew of Gomez's name through discovery weeks before removal. Yet she did not serve John Doe and delayed moving to amend until after removal.

Plaintiff also maintains that it would be "patently unfair" if she cannot sue Gomez who she believes to have been "actively negligent and contributed

6

to her injuries." (Doc. 16 at 4). But the Court is hard pressed to find that Plaintiff will be significantly injured by not joining John Doe because neither the Complaint nor the proposed amended complaint state a plausible claim of negligence under Florida law against him (as explained above). Also, Plaintiff can still move forward with her claim against Walmart without the store manager, and she can obtain full relief for her slip and fall from Walmart alone. *See Ramai v. Waffle House, Inc.,* No. 8:19-cv-2348, 2020 WL 8918201, at *4 (M.D. Fla. Mar. 31, 2020) (discussing there was no significant injury when the plaintiff can obtain full relief on her claims without the joinder of the defendant); *Judon v. Cumberland Farms, Inc.,* No. 17-14036-CIV, 2017 WL 7732131, at *2 (S.D. Fla. Mar. 6, 2017) ("[N]o practical purpose is achieved by suing both the owner/operator of the store where the slip-and-fall took place and the manager-employee who was on duty at the time"); *Rutsky v. Target Corp.,* No. 12-CV-61828, 2012 WL 5604620, at *3 (S.D. Fla. Nov. 15, 2012). If Plaintiff wins a favorable judgment, Walmart is likely more financially solvent than John Doe to satisfy any award.

Plaintiff next declares that "Defendant would not be prejudiced by this Court granting [her] request for leave [sic]." (Doc. 16 at 5). This assertion is borderline nonsensical. Setting aside Plaintiff (again) offering no supporting authority, she does not clarify which Defendant will supposedly escape prejudice. Assuming she means Gomez, it's hard to imagine how he wouldn't

be prejudiced by having to defend a federal lawsuit over his so-called personal liability to Plaintiff.

One final point. Plaintiff relies on *Dever v. Fam. Dollar Stores of Ga., LLC*, 755 F. App'x 866 (11th Cir. 2018) to support why the requested name substitution and remand is appropriate. She argues, "The facts of the instant case are essentially identical to those in *Dever*." (Doc. 16 at 4). Not so. In *Dever*, the plaintiff sued Family Dollar and a misidentified store manager in state court. Family Dollar revealed the identity of the manager *after* it removed the case, and the plaintiff moved to substitute in the correct, nondiverse defendant. 755 F. App'x at 867-68. The court denied the motion, but the Eleventh Circuit reversed largely because "Dever sought to bring a claim against the store manager when she filed her original complaint in state court." *Id.* at 870. Like the plaintiff in *Dever*, Plaintiff roped in the store manager from the get-go. But unlike in *Dever*, Plaintiff learned the store manager's name before removal. So *Dever* is not the linchpin that Plaintiff represents it to be.

At bottom, the Court must decide whether to deny Plaintiff's request to substitute John Doe for Gomez or permit the substitution and remand the case. After balancing the required factors against the facts here, the Court finds the scales tip for denying the substitution. That conclusion leaves the remaining

parties as diverse for subject matter jurisdiction. So the Court also denies Plaintiff's motion to remand.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Elianise Norvilus-Foreste's Second Motion for Leave to Amend Complaint (Doc. 16) is **DENIED**.

2. Plaintiff's Second Motion for Remand (Doc. 17) is **DENIED**.

3. The Court **DISMISSES** John Doe from this action.

**DONE** and **ORDERED** in Fort Myers, Florida on June 28, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

9