UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIANISE NORVILUS-FORESTE,

     Plaintiff,

v.                              Case No.:  2:23-cv-163-SPC-NPM

WAL-MART STORES EAST, LP,

     Defendant.
_____/

## OPINION AND ORDER

Before the Court are Defendant Walmart Stores East, LP's Motion for Final Summary Judgment (Doc. 45), Plaintiff Elianise Norvilus-Foreste's Response in Opposition (Doc. 46), Plaintiff's Notice of Filing Statement of Material Facts and Exhibits (Doc. 47), and Defendant's Reply (Doc. 51). For the below reasons, the Court denies the motion.

This is a slip-and-fall case. In July 2022, Plaintiff was shopping with her daughter in Walmart, where a surveillance camera captured the relevant events of that day. (Doc. 45-2). A customer spilled liquid coffee on the floor in the produce section. (*Id*. at 56:33). About a minute after the spill, the customer's companion tried to clean up the spill by wiping it and placing paper towels over the area. (*Id*. at 57:39). Meanwhile, another customer reported the spill to a Walmart employee. (*Id*.). Around two minutes later (and three

minutes after the spill), Plaintiff began walking toward the spill area. (*Id.* at 59:27). She turned toward a produce display and away from the spill as a second Walmart employee arrived with a broom and dustpan. (*Id.* at 59:37). The employee swept once and then walked away. (*Id.* at 59:48). Plaintiff selected her produce, still facing away from the spill. (*Id.*). The second Walmart employee returned to the area and walked toward the spill with a cleaning cart (*Id.* at 59:51) but stopped to let a customer walk in front of her. (*Id.* at 59:57). The employee resumed walking and was mere feet from the spill when Plaintiff turned around, took two steps toward the spill, slipped, and fell. (*Id.* at 1:00:02). The employee arrived at the spill with the cleaning cart as Plaintiff lay on the ground. (*Id.* at 1:00:06). From spill to fall, about three and a half minutes elapsed.

## LEGAL STANDARD

Sitting in diversity, the Court applies federal procedural law and Florida substantive law. *Glob. Quest, LLC v. Horizon Yachts Inc.*, 849 F.3d 1022, 1027 (11th Cir. 2017). As for procedure, the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a material fact is in genuine dispute "if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *Id.*  At this stage, courts view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party.  *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

In substantive law, slip and falls are a form of negligence, so a plaintiff must show duty, breach, causation, and damages.  *Oliver v. Winn-Dixie Stores, Inc.*, 291 So. 3d 126, 128 (Fla. Dist. Ct. App. 2020).  Businesses owe invitees two duties: (1) to keep the premises reasonably safe, and (2) to warn of dangers the business knew (or should have known) about that the invitee could not discover.  *Norman v. DCI Biologicals Dunedin, LLC*, 301 So. 3d 425, 428 (Fla. Dist. Ct. App. 2020).

## ANALYSIS

Defendant argues that it is entitled to summary judgment because (1) it acted reasonably in responding to the spill but had insufficient time to clean it and (2) the spill was open and obvious.

First, Defendant's duty to keep the premises reasonably safe.  Defendant argues that as a matter of law it did not breach this duty because it did not have sufficient time to clean up the spill.  From spill to fall, about three and a half minutes elapsed.  And while it is unclear exactly when Walmart first received actual notice of the spill, it appears that a customer alerted a Walmart

employee of the condition at least two minutes and fifteen seconds before the fall.  (Doc. 45-2 at 57:44).

Defendant provides a string cite of opinions that set various lengths of time as insufficient to give a defendant a reasonable opportunity to clean up a spill.  (Doc. 45 at 12-13).  But the opinions applying Florida law involve less time than here.  *See Fredrick v. Dolgencorp, LLC*, 304 So. 3d 36, 38 (Fla. Dist. Ct. App. 2020) (fifty-one seconds); *Dominguez v. Publix Super Markets, Inc.*, 187 So. 3d 892, 893 (Fla. Dist. Ct. App. 2016) (thirteen seconds); *Gaidymowicz v. Winn-Dixie Stores, Inc.*, 371 So. 2d 212, 214 (Fla. Dist. Ct. App. 1979) (one minute); *Publix Super Markets, Inc. v. Heiser*, 156 So. 2d 540, 541 (Fla. Dist. Ct. App. 1963) (one and a half minutes).

More important, the time that elapsed is not dispositive.  As the Eleventh Circuit has persuasively held, "[w]hile the length of time between actual notice and a fall is of course relevant to whether a store acts reasonably, it is not conclusive."  *Perez-Brito v. Williams-Sonoma Stores, Inc.*, 735 F. App'x 668, 670 (11th Cir. 2018).  Ultimately, the question is whether Walmart had a "sufficient opportunity to correct the dangerous condition."  *Id*. at 672 (quoting *Gaidymowicz*, 371 So. 2d at 214).

Construing the facts here in Plaintiff's favor, the Court cannot say, as a matter of law, that Walmart had an insufficient opportunity to clean up the spill.  A customer notified a Walmart employee who was just feet from the spill.

That employee walked away.  Two minutes later, a second Walmart employee responded to the spill with a broom and dustpan.  She then walked away.  Seconds later, she emerged again, with a cleaning cart.  But by the time she arrived at the spill, Plaintiff had already fallen.

Construing the facts in Plaintiff's favor, an employee was near the spill before the fall.  A second employee responded with inadequate cleaning supplies and left the spill to retrieve the cleaning cart.  Defendant offers no justification for why the employee could not have first responded with the cleaning cart, not a broom and dustpan.  Given these facts, a reasonable juror could find that Walmart had a sufficient opportunity to clean the spill before Plaintiff fell.[1]

Second, Defendant's duty to warn.  Defendant argues that the coffee spill was open and obvious; therefore, Walmart did not have a duty to warn Plaintiff about the condition.  But Defendant's argument falls short here, too.

A business cannot be held liable when a danger is "known or obvious to the injured party, unless the owner or possessor should anticipate the harm despite the fact that the dangerous condition is open and obvious."  *Pratus v. Marzucco's Constr. & Coatings, Inc.*, 310 So. 3d 146, 149 (Fla. Dist. Ct. App.

---

[1] Plaintiff argues Walmart was negligent because it violated its own policy to guard spills. Walmart's policy does not set the standard of care. *See Wal Mart Stores, Inc. v. Wittke*, 202 So.3d 929, 931 (Fla. 2d DCA 2016) ("[A] party's internal rule does not itself fix the legal standard of care in a negligence action[.]").  In any event, the fact that employees left the spill unattended may be relevant to the negligence analysis.

2021) (citation omitted).  Plaintiff did not see the spill or paper towels before her fall.  (Doc. 45-1 at 28).  Yet her claim may still fail if (1) the spill was "open and obvious and not inherently dangerous" or (2) the spill was dangerous but was "so open and obvious that an invitee may be reasonably expected to discover [it] and to protect [herself]."  *Brookie v. Winn-Dixie Stores, Inc.*, 213 So. 3d 1129, 1133 (Fla. Dist. Ct. App. 2017).

The Court cannot say that the spill was not inherently dangerous as a matter of law.  Such a designation generally applies to conditions so commonplace that a reasonable person would expect to encounter them—like a change in floor level or water on a sidewalk outside.  *See, e.g.*, *Schoen v. Gilbert*, 436 So. 2d 75 (Fla. 1983) (change in floor level); *Chambers v. S. Wholesale, Inc.*, 92 So. 2d 188 (Fla. 1956) (water puddle on sidewalk).  A coffee spill on the floor in the produce section of Walmart is not commonplace.

Nor was the spill so open and obvious that an invitee may be reasonably expected to discover it.  The spill was on the floor, well below eye level.  *See Moultrie v. Consolidated Stores Int'l Corp.*, 764 So. 2d 637, 640 (Fla. 1st DCA 2000) (holding that an empty wooden pallet was not open and obvious as a matter of law in part because its height "might not fall within the line of vision of adult invitees who entered . . . to purchase items placed on counters and shelves").  The size of the spill is unclear.  (Doc. 45-1 at 31).  It was caramel colored, similar to the color of the floor.  (Doc. 45-1 at 28-29, 32; Doc. 45-2).

And the spill was at least partially covered in paper towels—so perhaps the spill's dangerousness (that it was a slippery liquid) may not be reasonably expected. *See Williams v. Weaver*, 381 So. 3d 1260, 1265 (Fla. Dist. Ct. App. 2024) ("However, the test is not whether the object itself is obvious, but rather whether the dangerous condition of the object is obvious.") (cleaned up).

Even if the spill were open and obvious, there remains a fact issue whether Defendant failed "to exercise reasonable care to prevent foreseeable injury[.]" *Ashcroft v. Calder Race Course, Inc.*, 492 So. 2d 1309, 1312 (Fla. 1986). Injury may be foreseeable "where there is reason to expect that the invitee's attention will be distracted, as by goods on display[.]" *Id.* at 1311. Here, the spill was in a walkway near the displayed produce. Ultimately, the issue of foreseeability is one "typically reserved for the jury." *Cook v. Bay Area Renaissance Festival of Largo, Inc.*, 164 So. 3d 120, 123 (Fla. Dist. Ct. App. 2015).[2]

---

[2] The most analogous duty-to-warn case Defendant can muster is *Bell v. Circle K Stores Inc.*, 2019 WL 5190907, at *4 (M.D. Fla. Oct. 15, 2019). There, the court considered whether a large puddle of soda, ice, and water was open and obvious. The court observed that testimony in that case "suggest[ed] that the puddle might be an open and obvious condition[.]" *Bell*, 2019 WL 5190907, at *4. But this observation that testimony "suggested" a puddle "might" be open and obvious is dicta in two ways. First, the court found that the puddle was not open and obvious because of its location around a corner. Second, the court did not even have to go that far, as it also held that the defendant did not have actual knowledge of the puddle and thus was under no duty to warn the uninvited licensee. That Defendant's best case involves hedged language and multiple layers of dicta does not bode well for its summary-judgment argument.

Finally, Defendant claims "Plaintiff is unable to prove medical causation resulting from the incident[.]"  (Doc. 45 at 2, 11).  But aside from making two passing references to causation, Defendant never develops the argument.  So the Court denies the motion on this ground.  *See, e.g.*, *Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. . . . Rather, the onus is upon the parties to formulate arguments[.]").

Accordingly, it is now **ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. 45) is **DENIED**.

2. This case is **REFERRED** to United States Magistrate Judge Kyle C. Dudek for an October settlement conference. By **September 25, 2024**, the parties must contact Judge Dudek's courtroom deputy, Courtney Ward, to coordinate availability for the conference.

3. To accommodate the settlement conference, the Court sua sponte extends the remaining case management deadlines (Doc. 29 at 2) for **30 days** and sets this matter for the **December 2024 trial docket**.

**DONE** and **ORDERED** in Fort Myers, Florida on September 18, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record